This case has sua sponte been removed from the accelerated calendar.
 DECISION.
The facts are undisputed. On October 19, 1988, defendant-appellee Daniel Diersing pleaded guilty to a reduced charge of drug trafficking, a third-degree felony, in violation of former R.C. 2925.03(A)(4).[1] Diersing was subsequently sentenced to eighteen months' incarceration pursuant to R.C.2925.03(C)(4). Although R.C. 2925.03(C)(4) has subsequently been amended, in 1988 the statute provided the following:
 Where the offender has violated division (A)(4) of this section, aggravated trafficking is a felony of the third degree, and the court shall impose a sentence of actual incarceration of eighteen months * * *. [Emphasis added.]
On February 26, 1999, Diersing filed an application for expungement. In response, plaintiff-appellee, the state of Ohio, filed an objection stating that, because Diersing had been convicted of a nonprobationable offense, his application should be denied. Following a hearing on April 8, 1999, the trial court granted the application for expungement. The state has timely filed an appeal, alleging in its sole assignment of error that the trial court erred in granting Diersing's application for expungement. We agree.
An application to seal a record of a felony conviction is permitted under R.C. 2953.31 et seq. so long as the applicant meets the statutory requirements. But R.C. 2953.36 precludes a felon from applying for an expungement where "the offender is subject to a mandatory prison term * * *." In the instant case, Diersing was convicted of a third-degree felony and sentenced to a mandatory term of eighteen months. Because he was sentenced to a mandatory prison term, Diersing's application for expungement could not, as a matter of law, have been properly granted. Accordingly, we vacate the judgment of the trial court.
Judgment vacated.
 Gorman, P.J., Sundermann and Winkler, JJ.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] The statute has subsequently been amended.